**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **YVONNE COLLINS** | : | |
| 3811 South Madison Avenue | : | |
| Norwood, Ohio 45212 | : | **CASE NO.: 1:23CV632** |
| | : | |
| Plaintiff, | : | **JUDGE:** |
| | : | |
| -vs- | : | |
| | : | |
| **CITY OF NORWOOD OHIO** | : | |
| 4645 Montgomery Road | : | |
| Norwood, Ohio 45212 | : | |
| | : | |
| and | : | |
| | : | |
| **CHIEF DWAYNE SUMNER** | : | |
| 4645 Montgomery Road | : | |
| Norwood, Ohio 45212 | : | |
| | : | |
| and | : | **COMPLAINT FOR DAMAGES** |
| | : | **WITH JURY DEMAND** |
| **OFFICER RYAN HARRISON** | : | **ENDORSED HEREON** |
| 4645 Montgomery Road | : | |
| Norwood, Ohio 45212 | : | |
| | : | |
| and | : | |
| | : | |
| **OFFICER KIM BRUCKER** | : | |
| 4645 Montgomery Road | : | |
| Norwood, Ohio 45212 | : | |
| | : | |
| and | : | |
| | : | |
| **OFFICER MICHAEL CASTANIAS** | : | |
| 4645 Montgomery Road | : | |
| Norwood, Ohio 45212 | : | |
| | : | |
| and | : | |
| | : | |
| **UNKNOWN OFFICER** | : | |
| **JOHN/JANE DOES** | : | |
| 4645 Montgomery Road | : | |
| Norwood, Ohio 45212 | : | |
| and | : | |

1

| | |
|---|---|
| **UNIVERSITY OF CINCINNATI** | : |
| **MEDICAL CENTER** | : |
| **3200 Burnet Avenue** | : |
| **Cincinnati, Ohio 45229** | : |
| | : |
| and | : |
| | : |
| **DR. ROSEMARY SZPARAGOWSKI** | : |
| **3200 Burnet Avenue** | : |
| **Cincinnati, Ohio 45229** | : |
| | : |
| and | : |
| | : |
| **DR. MICHAEL NEWTON** | : |
| **3200 Burnet Avenue** | : |
| **Cincinnati, Ohio 45229** | : |
| | : |
| and | : |
| | : |
| **MICHELLE TRENN, LISW** | : |
| **3200 Burnet Avenue** | : |
| **Cincinnati, Ohio 45229** | : |
| | : |
| and | : |
| | : |
| **UNKNOWN JOHN/JANE DOES** | : |
| **3200 Burnet Avenue** | : |
| **Cincinnati, Ohio 45229** | : |
| | : |
| Defendants. | : |

# COMPLAINT

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 to redress the violations of the Second, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and of tort and governmental liability state law claims.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and § 1343. The state claims are to be heard pursuant to 28 U.S.C. § 1367(a), in that the state claims are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), in that the claims arose in this district and that the defendants all reside, conduct business, or are located in this district.

4. All actions, omissions, and events complained of took place in the County of Hamilton, State of Ohio, and within the venue of this Court.

5. The amount in controversy exclusive of interests and costs exceeds the sum of

**PARTIES**

6. Plaintiff Yvonne Collins is a citizen of the United States currently residing in Norwood, Ohio, which is located in Hamilton County, Ohio, and was a resident of the City of Norwood in Hamilton County, Ohio when these events occurred.

7. Defendants City of Norwood is a political body and corporate duly organized and existing under the law of the State of Ohio and pursuant to law is capable of being sued in this Court. Defendant City of Norwood is responsible for the policies, practices, and customs of its Police Department, as well as the selection, hiring, appointment, training, supervision, control, discipline, oversight and retention of its police officers. City of Norwood is and was the employer of the personnel named herein as individual defendants. Defendant City of Norwood is also responsible for the operation, practices and totality of conditions of its arrestees. The City of Norwood acts or fails to act through its policy-making officials,

3

including but not limited to its Supervisors and Officers, any Police Chief of the City of Norwood Police Department and their assigns; the acts and edicts of these policy-making officials represent the policies, practices and customs of its police force.

8. Defendants Chief Dwayne Sumner and Officer Ryan Harrison, and Officer Kim Bruckler and Officer Michael Castanias and Unknown Officers Jane/John Does are and/or were at all times relevant, law enforcement officers employed by the City of Norwood Police Department, acting under color of state law.  They are sued in their official and individual capacity.

9. Defendant University of Cincinnati Medical Center is a hospital and or medical center duly organized and existing under the law of the State of Ohio and pursuant to law is capable of being sued in this Court.  Defendant University of Cincinnati Medical Center is responsible for the policies, practices, and customs of its employees, as well as the selection, hiring, appointment, training, supervision, control, discipline, oversight and retention of its doctors, social workers, and other employees.  The University of Cincinnati Medical Center is and was the employer of the personnel named herein as individual defendants. Defendant University of Cincinnati Medical Center is also responsible for the operation, practices and totality of conditions of its patients.  The University of Cincinnati Medical Center acts or fails to act through its policy-making officials, as well as its professional employees such as doctors, nurses, social worker and their assigns; the acts and edicts of these officials represent the policies, practices and customs of the University of Cincinnati Medical Center.

10. Dr. Rosemary Szparagowski and Dr. Michael Newton and Michelle Trenn, LISW are and/or were at all times relevant employees of the University of Cincinnati Medical Center. They are sued in their official and individual capacity.

11. All Defendants were acting at all times relevant in concert, in conjunction with and in support of each other, and on each other's behalf.

## FACTUAL ALLEGATIONS

12. On or about October 3, 2022, Yvonne Collins was in front of her home washing her car when she was approached by a strange man. The man started an argument with Ms. Collins. The man was located in front of Ms. Collins' home when the argument occurred. The man left from in front of her property and called police.

13. The man called the non-emergency dispatch line to report that a lady, later identified as Ms. Yvonne Collins, flagged him down for help and then threatened him.

14. The police responded to the caller's residence and spoke to the caller about the interaction with Ms. Collins.

15. Officers Harrison, Castanias, and Brucker all arrived at Ms. Collins residence at approximately 12:05 p.m. They immediately begin to speak to Ms. Collins. At no point did they advise her of her right to remain silent or to not speak them.

16. Officer Castanias placed Ms. Collins in handcuffs, advising her that he wanted to keep her safe. He then placed Ms. Collins in his police cruiser.

17. Ms. Collins car and purse were searched by Officers Brucker and Harrison. Officers Brucker and Harrison took her gun which was located in her purse.

18. Officer Castanias took Ms. Collins to the University of Cincinnati Medical Center (hereafter UCMC) PES to request that she be placed on a psychiatric hold pursuant to Ohio Revised Code sections 5122.01 and 5122.10.
19. At no time during his interaction with Ms. Collins did Officer Castanias explain what was happening, or his reasons for his actions.
20. When Ms. Collins arrived at UCMC she spoke to a social worker.
21. Dr. Michael Newton signed a statement of observation regarding Ms. Collins. Dr. Newton never had an interaction directly with Ms. Collins.
22. Ms. Collins was held against her will for over 10 days at the UCMC.
23. Dr. Rosemary Szparagowski and social worker Michelle Trenn signed affidavits that were later filed with the Hamilton County Probate Court requesting that Ms. Collins be detained for a mental health evaluation. The action filed in Probate Court was ultimately dismissed.
24. Defendants Harrison, Brucker, and Castanias seized Ms. Collins' person.
25. Defendants Harrison, Brucker, and Castanias searched Ms. Collins' property, and seized her lawfully owned handgun.
26. Defendant Castanias signed an affidavit requesting that Ms. Collins be detained by UCMC.
27. Defendant medical personnel at UCMC failed to properly interview Ms. Collins, simply repeating the allegations made in the affidavit signed by Officer Castanias. Defendants Dr. Michal Newton, Dr. Rosemary Szparagowski, and Michelle Trenn signed and filed affidavits with the probate court.

6

28. Ms. Yvonne Collins did not resist her unlawful arrest and detention. The allegations were never substantiated against her.

29. All of the actions taken by the defendants in this action were done as part of a conspiracy, in which all of the Defendants participated, to engage in conduct which violated the constitutional rights of Yvonne Collins. All acts described and contained in this Complaint were done in furtherance of the conspiracy.

30. The said acts by the Defendants were done intentionally, recklessly, wantonly, in bad faith, and / or maliciously.

31. The actions of the City of Norwood police officers and the medical personnel from UCMC were done under color of state law.

32. Said actions by the Defendants proximately caused Ms. Collins to suffer loss of freedom and liberty, mental and emotional anguish, humiliation, fear, embarrassment, inconvenience, the loss of personal property, and to suffer economic harm.

33. Defendants caused Ms. Collins to incur a significant medical bill from the UCMC.

34. There was no legal justification for the actions taken by the Defendants above.

### FIRST CLAIM

35. Plaintiff Yvonne Collins incorporates all of the foregoing allegations as if fully rewritten herein. As alleged above, the defendants questioned and interrogated Ms. Collins without reading or advising her of her rights under the Fifth Amendment to the United States Constitution, thereby violating Ms. Collins rights guaranteed by the Fourth, Fifth, Fourteenth Amendments to the United States Constitution and section 42 U.S.C. § 1983 et. seq.

**SECOND CLAIM**

36. Plaintiff Yvonne Collins incorporates all of the foregoing allegations as if fully rewritten herein. Defendants Castanias, Buckner, and Harrison seized and searched Ms. Collins' person, without a warrant, and without a reasonable suspicion to believe that she was committing or had committed a crime and violated her rights guaranteed under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and section 42 U.S.C. § 1983 et seq.

**THIRD CLAIM**

37. Plaintiff Yvonne Collins incorporates all of the foregoing allegations as if fully rewritten herein. As alleged above, Defendant Castanias signed an affidavit and application for emergency admission under false pretenses, abusing a legal process and violating Ms. Collins rights guaranteed by the Fourth, Fifth, Fourteenth Amendments to the United States Constitution and section 42 U.S.C. § 1983 et. seq.

**FOURTH CLAIM**

38. Plaintiff Yvonne Collins incorporates all of the foregoing allegations as if fully rewritten herein. The signing of the affidavit for admission, as well as probate court documents by medical personnel at UCMC which caused her to be involuntarily detained violates Ms. Collins rights guaranteed by the Fourth, Fifth, Fourteenth Amendments to the United States Constitution, as well as the laws of the State of Ohio and 42 U.S.C. § 1983 et seq.

**FIFTH CLAIM**

39. Plaintiff Yvonne Collins incorporates all of the foregoing allegations as if fully rewritten herein. Defendants Castanias, Harrison, and Brucker searched her car and purse without a warrant, and took her gun in violation of her rights as guaranteed under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 et seq.

**SIXTH CLAIM**

40. Plaintiff Yvonne Collins incorporates all of the foregoing allegations as if fully rewritten herein. As alleged above, the conspiracy between Defendant law enforcement and Defendant UCMC and its medical personnel conspired to deprive Plaintiff Yvonne Collins of her rights under the United States Constitution by illegally and improperly detaining, searching, arresting, and imprisoning her, and by abusing legal processes, constitutes violations of Plaintiff's rights guaranteed under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 et seq.

`**WHEREFORE,** Plaintiff Yvonne Collins demands Judgment against the Defendants jointly and severally as follows:

1. An amount exceeding $25,000.00 against each defendant in compensatory damages;
2. Punitive damages in excess of $25,000.00;
3. Reasonable costs and attorneys and any other relief that this court deems just and proper.

Respectfully submitted,

*/s/ Arica L. Underwood*

Arica L. Underwood (#0067664)
Attorney for Yvonne Collins
Law Office of Arica L. Underwood LLC
1831 West Galbraith Road
Cincinnati, Ohio 45239
Phone: (513) 772-6878
Fax: (513) 586-1080
AttorneyAricaUnderwood@gmail.com

## **JURY DEMAND**

Plaintiff hereby respectfully requests that a jury be impaneled to hear the issues raised in this cause.

*/s/ Arica L. Underwood*

Arica L. Underwood (#0067664)
Attorney for Yvonne Collins
Law Office of Arica L. Underwood LLC
1831 West Galbraith Road
Cincinnati, Ohio 45239
Phone: (513) 772-6878
Fax: (513) 586-1080
AttorneyAricaUnderwood@gmail.com